NO. 07-08-0119-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2008

______________________________

PHILLIP W. MORRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410322; HONORABLE RON CHAPMAN, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

Appellant, Phillip W. Morris, was convicted of assault, family violence, enhanced.  On May 8, 2006, he was sentenced to eight years confinement.  On February 13, 2008, Appellant was granted an out-of-time appeal by the Texas Court of Criminal Appeals.  The clerk’s record filed on May 9, 2008, contains the 
Trial Court’s Certification of Defendant’s Right of Appeal
, which was executed on May 24, 2006, prior to amendments to Rule 25.2(d) of the Texas Rules of Appellate Procedure, which became effective September 1, 2007.
 
 Rule 25.2(d) now requires that a defendant sign the certification and receive a copy.  Additionally, the new form provides certain admonishments to a defendant not previously required.
(footnote: 1) 

Procedural rules generally control litigation from their effective date.  
Wilson v. State, 
473 S.W.2d 532, 535 (Tex.Crim.App. 1971).  Consequently, we abate this appeal and remand this cause to the trial court for further proceedings.  Upon remand, the trial court shall utilize whatever means necessary to secure a proper 
Certification of Defendant’s Right of Appeal 
in compliance with Rule 25.2(d).  Once properly completed and executed, the certification shall be included in a supplemental clerk’s record.  
See
 Tex. R. App. P. 34.5(c)(2).
  The trial court shall cause this supplemental clerk's record
 to be filed with the Clerk of this Court by June 30, 2008.
 This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification.  If a supplemental clerk’s record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal.  
See 
Tex. R. App. P. 25.2(d). 

It is so ordered.

Per Curiam

Do not publish.

FOOTNOTES
1:
The proper form for 
Certification of Defendant’s Right of Appeal 
is contained in Appendix D to the 2008 Texas Rules of Appellate Procedure.